UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ANTHONY MATTERA, ET AL., individually and on behalf of those similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>ROBERT A. BAFFERT, ET AL.,<br><br>DEFENDANTS. | Case No. 3:22-cv-156-DJH<br><br>*Electronically filed* |

NOTICE OF REMOVAL

Defendant Churchill Downs Incorporated (CDI) gives notice pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 of its removal to this Court of the action commenced against it in Jefferson Circuit Court in the Commonwealth of Kentucky, styled *Anthony Mattera, et al., individually and on behalf of those similarly situated v. Robert A. Baffert, et al.*, Case No. 22-CI-864. (Ex. 1, Complaint.) For the reasons that follow, this removal is proper under the Class Action Fairness Act of 2005 (CAFA).

**I.     This Court has original jurisdiction based on CAFA.**

1.     Anthony Mattera and eighteen others filed a putative class action complaint against CDI, Robert A. Baffert, and Bob Baffert Racing, Inc. in connection with their alleged wagering losses based on the official results of the 2021 Kentucky Derby. They assert claims against CDI for negligence, breach of contract, violation of the Kentucky Consumer Protection Act, and unjust enrichment. (Compl. ¶¶ 159–91.) They seek compensatory damages, (*id.* at Prayer ¶ 2–3), punitive damages, (*id.* ¶¶ 164, 182, 191), and a permanent injunction against CDI "from further conducting Thoroughbred horse racing" unless CDI satisfies a number of their

conditions, (*id.* ¶ 195). They seek to proceed on behalf of themselves and a class of all others whom they claim to be similarly situated.

2. To be clear, Plaintiffs are not entitled to any relief against CDI whatsoever under Kentucky law, and they are not entitled to class certification. But the standard for removal under CAFA does not depend on whether the proposed class is viable or whether the plaintiffs are likely to recover a certain amount; the defendant must only show what the stakes of the litigation are based on what the plaintiffs claim in the complaint. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, a defendant may remove a case based on the pleadings even in cases such as this one where there is "a good chance that the plaintiff will fail and the judgment will be zero." *See id.* at 448–49.

3. This Court has original jurisdiction over any class action in which: (a) the proposed class contains at least 100 members; (b) any class member is a citizen of a different state than any defendant (*i.e.*, minimal diversity); and (c) the amount in controversy, in the aggregate, exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(5), (d)(6). All of these criteria are satisfied here.

4. Plaintiffs' complaint was filed as a class action, as defined in 28 U.S.C. § 1332(d)(1)(B).

5. The proposed plaintiff class exceeds 100 members, as required by 28 U.S.C. § 1332(d)(5)(B). (Compl. ¶¶ 142–43.) The proposed class definition includes "[a]ll persons who placed pari-mutuel bets on the Kentucky Derby that based on the new, complete and official order of finish of the first five horses of the 147th running of the Kentucky Derby [sic]." (*Id.*) Though an apparent typographical error in the class definition may make it impossible to identify any class members, and though it may be impossible if Plaintiffs ultimately move for class

certification based on a different definition to identify class members based on anything but pure speculation, Plaintiffs' allegations are nonetheless that they seek to represent a class of more than 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B) (removability based on size of "*proposed* plaintiff classes").

6. Minimal diversity of citizenship exists pursuant to 28 U.S.C. § 1332(d)(2)(A). One of the named plaintiffs, Anthony Mattera, is a citizen of Florida.[1] (Compl. ¶¶ 1, 127.) One of the named defendants, CDI, is a citizen of Kentucky.[2] (*Id.* ¶ 22.) Though unnecessary for removal under CAFA, Robert A. Baffert and Bob Baffert Racing, Inc. would also satisfy the minimal diversity of citizenship requirement because they are citizens of California.[3] (*Id.* ¶ 20–21.)

7. The amount placed in controversy by Plaintiffs' complaint exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Plaintiffs allege that "CDI handled $159,278,366 across all pools on the 147th running of the Kentucky Derby." (Compl. ¶ 88.) Contrary to the governing regulations, the complaint seeks to require the defendants to pay them and class members "damages under Kentucky law based on the pari-mutuel principles as defined and described in 810 KAR 6:020 and 810 KAR 6:030E when applied to and calculated upon the pools for the 147th running of the Kentucky Derby." (*Id.* ¶ 140.) The cited regulations govern the calculation of payouts for pari-mutuel wagers on horse races, but Plaintiffs "do not seek a claw back or reversal of the pari-mutuel payments made by Defendant CDI to holders of incorrectly settled wagers." (*Id.* ¶ 138.) Instead, they appear to request that the defendants pay

---

[1] Mattera claims in his complaint to have been a citizen of Florida on May 1, 2021. (*Id.* ¶ 1.) He also claims that he "currently works as a legal consultant in Florida." (*Id.* ¶ 127.) Based on these assertions and other publicly-available information, CDI asserts that Mattera was a Florida citizen at the time he filed his complaint on February 21, 2022.

[2] Plaintiffs correctly allege that CDI was a citizen of Kentucky on May 1, 2021. CDI remains a citizen of Kentucky.

[3] According to the California Secretary of State's website, Bob Baffert Racing, Inc. is a California corporation located in California.

in damages the full cost of paying hypothetical winners in a hypothetical Derby race in which the horses that were officially declared on race day to finish second, third, fourth, fifth, and sixth, actually finished first, second, third, fourth, and fifth. (*See id.* ¶ 135.) The proposed hypothetical redistribution, purportedly to be paid entirely as damages by the defendants, exceeds $5 million. One of the plaintiffs claims that he and his partners alone "should collect at least $1,000,000 in winnings." (*Id.* ¶ 136.) In addition to the request for a redistribution of winning payouts based on nearly $160 million in pools under the regulatory formula, Plaintiffs seek to require "CDI to disgorge the wagers and revenues . . . and return the money wagered to Plaintiffs and the Plaintiff Class." (*Id.* ¶ 189.) Plaintiffs also seek punitive damages, and seek an injunction that would prevent CDI from offering thoroughbred horse racing until it could meet certain conditions that would also exceed $5 million in value. (*Id.* ¶¶ 164, 182, 191 (punitive damages); *id.* ¶ 195 (requesting, among other things, no further racing without "creation of a fund to settle pari-mutuel wagers that become correct following the disqualification of a horse in its races").)

8. In sum, the nature of the claims asserted and damages alleged establish that the aggregate amount in controversy exceeds $5 million regardless of whether Plaintiffs' claims have any merit (which they do not).

9. Based on the foregoing, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**II.    Removal is proper based on CAFA.**

10. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11. There is no Act of Congress prohibiting or otherwise preventing CDI from removing Plaintiffs' complaint to federal court.

12. This Court is the proper venue for this action under 28 U.S.C. § 1441(a), as the state court action is pending in Jefferson County, Kentucky, and the United States District Court for the Western District of Kentucky, Louisville Division, is the United States District Court embracing the place where the state court action is pending.

13. This notice is being filed within thirty days of service of the complaint upon CDI. 28 U.S.C. § 1446(b)(3).

14. CAFA provides that only one defendant can remove an action, so there is no need for a removing defendant to obtain consent from any other defendant. 28 U.S.C. § 1453(b).

15. The forum-defendant rule does not apply to cases like this one removed under CAFA. *See* 28 U.S.C. § 1453(b) (class actions are removable "without regard to whether any defendant is a citizen of the State in which the action is brought").

16. There are no other temporal or procedural bars to removal.

17. CDI is filing a removal notice with the Clerk of the Jefferson Circuit Court and will serve written notice upon all counsel of record in that action.

18. Pursuant to 28 U.S.C. § 1446(a), CDI has attached all process, pleadings, and orders served on them in the state court action. (Ex. 2, State Court Pleadings.)

CDI therefore requests that the Court assume jurisdiction over this action.

/s/ Jeffrey S. Moad
Philip W. Collier
Chadwick A. McTighe
Jeffrey S. Moad
STITES & HARBISON, PLLC
400 W. Market Street, Ste. 1800
Louisville, KY 40202
Telephone: (502) 587-3400
Email: pcollier@stites.com
cmctighe@stites.com
jmoad@stites.com

*Counsel for CDI*

### CERTIFICATE OF SERVICE

I certify that on March 16, 2022, I served this document by email or U.S. mail, postage prepaid, to the following:

| | |
|---|---|
| William D. Nefzger<br>The BCCN Building<br>1041 Goss Avenue<br>Louisville, KY 40217<br>E-mail: will@bccnlaw.com<br><br>*Counsel for Plaintiff* | Michael D. Meuser<br>Miller, Griffin & Marks, PSC<br>Email: mmeuser@kentuckylaw.com<br><br>*Counsel for the Baffert Defendants* |

   /s/ Jeffrey S. Moad
*Counsel for Churchill Downs Incorporated*